## THEODORE GAILLARD *vs.* ELIZABETH GAILLARD.

The statute (Hutch. Code, 495, § 3,) providing that " wilful, continued and obstinate desertion for the term of three years " shall be a cause of divorce, contemplates a continuous and uninterrupted desertion.

Two periods of desertion cannot be added together for the purpose of making up the term required by the statute in order to entitle a party to a divorce.

In this case, a husband deserted his wife, but a reconciliation having subsequently taken place, the parties lived together about ten days, when the husband again deserted his wife, and the wife, in a little more than twelve months afterwards, filed her bill for a divorce, upon the ground of the desertion of her husband. *Held*, that she was not entitled to a divorce.

Gaillard *v.* Gaillard.

In error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*N. S. Price*, for plaintiff in error.

*Walter*, for defendant in error.

Mr. Justice Clayton delivered the opinion of the court.

This is a bill filed in the circuit court of Tippah county, to obtain a divorce, on the ground of "wilful, continued, and obstinate desertion," for the term of three years.

The proof fully establishes a separation of more than three years, but within that period there was a temporary reconciliation, and the parties lived together as man and wife for some ten days. The case involves simply a construction of the statute, and all the other matter in the voluminous record in regard to the disputes, and bickerings, and difficulties of the parties is extraneous.

The statute makes "wilful, continued, and obstinate desertion for the term of three years," cause of divorce. Hutch. Code, 495, 497. Was the desertion in this case continued for three years, so as to come within the influence of the law? We think not. The running of the statute was clearly interrupted by the attempted reconciliation, and consequent presumptive cohabitation in 1846. In the contemplation of the law there must be a continued, consecutive desertion of three years, to authorize a dissolution of the marriage contract. Distinct and separate intervals cannot be combined together to make out the period. The courts cannot divorce the parties, until the requisites presented by the law have been fully met. There was only a little more than twelve months between the last separation and the filing of this bill. The continuity of the desertion was broken by the return of the husband, and the living together of the parties, and could not be reinstated by tacking the subsequent to the previous time. The statute is our only guide, and we do not think the case is brought within it.

The decree of the court below, granting the divorce, is reversed, and the bill dismissed without prejudice.

Decree reversed.