ALLEN F. HOLMES v. CAROLINE HOLMES.

*Divorce—Desertion and cruelty.*

A husband is not entitled, even upon a cross-bill, to a divorce as for desertion where his wife, after refusing for more than two years to leave her parents and live with him finally returned, and her husband lived in the same house with her for years and exacted her services as cook and housekeeper without payment, before filing his bill in answer to one filed by her for cruelty and refusal to continue their marital relations.

Extreme cruelty cannot be alleged as a cause for divorce from a wife for conduct which could only be cruelty in wounding the feelings of a faithful husband, where the husband himself is at the same time denying the wife's right to any consideration.

Appeal from Wayne. Submitted Oct. 29. Decided Nov. 9.

BILL for divorce. Dismissal affirmed.

*B. T. Prentis* for complainant.

*Maybury & Conely* for defendant.

CAMPBELL, J.   This case is one wherein originally the bill now remaining for disposal was filed as a cross-bill. Mrs. Holmes in 1874 seems to have filed a bill for divorce on the ground of cruelty and refusal of her husband to continue marital relations or to speak to her though living for several years in the same house.

The husband answered and filed a cross-bill in which he admitted nearly all that was charged against him, but claimed that his wife deserted him in 1866 by refusing for more than two years to leave her parents in Pennsylvania and come to Detroit.   That afterwards—two years and four months from her first refusal—she came out and he hired a house where they both lived, and have continued to live, but without resuming marital relations, he having always refused to condone the old desertion.

He then sets out a series of domestic annoyances of various kinds including coldness and neglect of domestic affairs, refusal to consult his taste in cookery, disarranging his books and papers and clothing, putting some poisonous and irritating substance in his clothing and bed,—charging him with incontinence and misconduct with another woman whom she accused of influencing him by a disgusting species of love-powder.   He further set out his fears that his wife would try to gain back his affections by similar means, and that the fear had turned his stomach so that he could not eat food which she prepared, and had therefore left the house.

The parties by consent allowed the original bill to be dismissed without prejudice, and the case proceed under the cross-bill as an original suit.

Only one witness was sworn, who is an aunt of Mr. Holmes, and who testified more or less of her own knowledge concerning the alleged desertion and household arrangements and the love-powder story, and to some hearsay statements concerning other matters.

The bill was dismissed, and we think justly, as the case is a very absurd one.   No desertion was made out, and if there had been, originally, it is very certain that the statute never was meant to cover a case where the wife returned and was

willing to resume her duty before any steps had been taken to proceed against her. And the idea that a husband can receive her back, rent a house and go to housekeeping with her, live in that way seven or eight years and exact her unpaid services, and still treat her all the while as having lost her rights by desertion, is too preposterous to bear discussion. It is equally ridiculous for a man to talk about extreme cruelty, which if cruelty at all could only be made such by the wounded feelings of a faithful husband, when he was all the while denying the rights of his wife to any consideration whatever. He appears to have found relief from all these annoyances by ceasing to live with her, and as he had always —according to his own story—repudiated her claims as a wife, that relief on his theory should have been sufficient.

.The testimony does not make the wife act as a very lovely or refined character. But as complainant professes that he wished her to return until the two years were fully completed, and as he subsequently lived several years with her in his own house, and availed himself of her services as his cook and housekeeper, it is not likely that he was ignorant of her coarseness. We are not impressed by the testimony that she was the party who had least reason to complain.

The decree must be affirmed with costs.

The other Justices concurred.