JOHN J. PHELAN

*v.*

MARY PHELAN.

*Filed at Ottawa November 26, 1890.*

1.  DIVORCE—*desertion—what will constitute desertion.* A wife is not guilty of desertion of her husband, within the meaning of the Divorce act, merely because she fails to follow him to a different place than his former residence, unless he has provided another home for her.

2.  In order to establish desertion on the part of a wife by her failing to go with her husband to some other place to reside, the evidence should show that the husband had provided a home for her at such other place, and that he requested her to go with him.

3.  SAME—*desertion for two years—cohabitation in the meantime.* Before a husband can obtain a decree of divorce against his wife on the ground of desertion, he must prove that she willfully deserted and absented herself from him, without any reasonable cause, for the space of two years before the filing of the bill. If they cohabit as man and wife within the two years prior to the filing of the bill, no divorce can be had.

4.  SAME—*condonation—cohabitation after the two years.* The return of a husband and his cohabitation with his wife after her willful desertion for the space of two years, and after bill filed by him for divorce, will be a condonation of the desertion, and a complete bar to the suit.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Mr. GEORGE G. BELLOWS, for the plaintiff in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill for divorce, brought by John J. Phelan, in the circuit court of Cook county, against Mary Phelan. It is charged in the bill, that the defendant, Mary Phelan, on or about the 15th day of August, 1883, willfully deserted the complainant, without reasonable cause, and that such desertion continued for more than two years before the filing of the

bill. The defendant denied the desertion charged in the bill, and set up that the complainant was guilty of cruelty and drunkenness. On the hearing, on the pleadings and evidence, the court entered a decree dismissing complainant's bill, and that decree was affirmed in the Appellate Court.

It appears from the evidence that the complainant was married to the defendant in January, 1877, in the city of La Salle. They resided together in that place until April, 1884, when the complainant went to Chicago, and has remained there ever since. His wife, the defendant, remained in La Salle, occupying the same house that they had occupied before the separation. It is claimed, in the argument, that the defendant was bound to follow the complainant to Chicago, and as she failed and refused to leave La Salle and go to Chicago, and reside there with complainant, a case of desertion was established. It is not clear, from the evidence, that the defendant refused to go to Chicago. The complainant testified that he requested the defendant several times to go with him and reside in Chicago; but this the defendant denied. There was some evidence tending to corroborate complainant on this point, but it was not of a very satisfactory character. But aside from the fact that the evidence does not preponderate in favor of complainant on this point, there is no evidence in the record that complainant ever provided a home for the defendant in Chicago, and so long as he failed to do so she was under no obligation to follow him to Chicago, and we do not think she would be guilty of desertion, within the meaning of the statute, by failing to follow the complainant to Chicago.

There is, however, another complete defense to the case made by the complainant. The bill in this case was filed on the 26th day of November, 1886, and under section 1, chapter 40, of our statute, before complainant could obtain a divorce on the ground of desertion, he was required to prove that the defendant willfully deserted and absented herself from the

complainant, without any reasonable cause, for the space of two years before the filing of the bill. This he failed to do. On the other hand, the evidence shows that the complainant cohabited with the defendant on several occasions during the two years next before the filing of the bill. The complainant, in his evidence, denied cohabitation after the bill was filed, but testified that "in December, 1885, he stopped with the defendant a week." The defendant testified that complainant remained with her, at the time he referred to in his evidence, two weeks, and that they cohabited as husband and wife. She also testified, and her evidence was not impeached, that the complainant came to her house in La Salle, and cohabited with her on several different occasions after the filing of the bill. Under this evidence the complainant utterly failed to establish desertion for two years, which is required by the statute before a court would be authorized to render a decree for divorce.

In *Thomas* v. *Thomas*, 51 Ill. 163, the statute in question was considered, and it was held that the statute requires desertion shall continue without cause for the space of two years before a divorce can be obtained in this State for that cause, and courts have no power to prescribe a shorter period. In *Embree* v. *Embree*, 53 Ill. 394, it was again held that desertion, to be a cause for divorce, must be willful, and continue for two years. Here the complainant, from time to time, within the two years relied upon, returned to and cohabited with his wife. If the evidence had established willful desertion on behalf of defendant in the first instance, the subsequent return of complainant, and cohabitation with his wife, would be a condonation of the desertion, and a complete bar to a divorce on that ground. This case, in its facts, in unlike *Kennedy* v. *Kennedy*, 87 Ill. 250, where it was held that a single act of cohabitation would not bar a right to a decree for divorce.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*