Woolfolk v. Woolfolk.  Woolfolk v. Woolfolk.

CASE 109—PETITION EQUITY—FEBRUARY. 21.

# Woolfolk v. Woolfolk.

# Woolfolk v. Woolfolk.

APPEALS FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. DIVORCE.—The wife was not entitled to a divorce in this case upon the ground of abandonment by the husband for one year before the institution of the action, as there was evidence showing co-habitation within a year.

2. SAME.—As the husband provided for the wife liberally and was kind to her, and the only reason assigned by her for refusing to live with him "on the farm" was that he would not build a larger house, there was no just ground for a separation from bed and board.

3. SAME—ALIMONY.—While this court has no power to disturb the judgment in so far as it grants a separation, yet it will reverse that part of the judgment allowing alimony, the separation being improperly decreed. If the wife chooses, without cause, to live separate and apart from the husband, he should not be required to contribute to her maintenance.

LANE & BURNETT FOR FRANK WOOLFOLK.

1. An appeal lies from a judgment granting alimony. (Young v. Young, 12 Ky. Law Rep., 886; Morrison v. Morrison, 10 Ky. Law Rep., 683; Beall v. Beall, 80 Ky., 675)

2. There is no obligation on the husband to contribute one cent toward the wife's support under the circumstances disclosed by the evidence, and the judgment is wrong only in that it gives any relief whatever

C. B. SEYMOUR FOR NELLIE WCOLFOLK.

1. The evidence shows a failure to support and habitual mistreatment,, such as the statute contemplates for a divorce from the bond of matrimony.

2. In any event the costs of this appeal are chargeable against the husband. (Gen. Stats. chap. 26, sec. 28.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The chancellor adjudged that the wife, Nellie Woolfolk, was not entitled to an absolute divorce, for which

Vol. 96—42.

she had applied, and she has appealed from that judg. ment. He granted her, however, a separation from bed and board, with an allowance of ten dollars per month for five years, and from that judgment the husband appealed to the Superior Court, and his appeal not having been disposed of in that court, both appeals. are before us for determination.

The grounds alleged by the wife are, that without fault on her part, the husband abandoned her for a year before the institution of the action, and that for · more than six months he behaved toward her habitually in such cruel and inhuman manner as to destroy her peace and happiness, and to indicate a settled aversion to her.

The proof sustains neither ground. After living together some eight or ten years at the home of the husband's father in Oldham county, and on his farm, the parties moved to the house of the wife's mother in Shelbyville, where the husband kept a butcher's shop. After living there some two years or more, the mother-in-law ordered the husband away, but allowed the wife to remain, and she, in August, 1890, moved to Louisville to live with her sister. When a year expired she brought this suit. The proof, however, shows that she visited her husband on his farm in Oldham county in the summer and fall of 1890, spending the night with him. In November also of that year she went with her husband to visit Fox and wife, and they spent the night there together. Here they appeared to be living happily together as husband and wife. They also stayed together at the St. Cloud Hotel, in Louisville, on the night of De-

cember 26, 1890.   These occurrences were from eight
to ten months only before the institution of the ac-
tion.    They evince any thing else than an "abandon-
ment," such as the statute contemplates.    A single
instance only is testified to as showing cruel treatment,
and that consisted in what is termed by the witness
a threat by the husband to kill his wife.   No quarrels
are shown to have occurred, and it is manifest that
the so-called threat was nothing serious.    Moreover,
the visits of the wife to her husband and their co-
habitation occurred afterward.    The mother of the
wife and her sister say in general terms that the hus-
band did not provide for his wife, but in what respect
is not shown.    The testimony shows that he furnished
her provisions, provided her with sufficient clothing,
and was kind to her.    She only complained that she
did not want to live in the house on the farm.    It
was small, having only two rooms and a kitchen, and
she preferred, as she declared, to live in town.

Without reciting the proof in detail, we have read
it carefully, and we have hardly been persuaded that
the wife is serious in insisting on leaving her hus-
band and child on the grounds and for the reasons
set up in the record.   She declared, in the fall of
1890, that "if Frank would build a house on the farm,
she would live with him, or, if he would come to town,
she would live with him."    The husband only owns
a small parcel of land—some forty acres—in Oldham
county, with a small house on it, but large enough
to shelter his small family, and this he offers to his
wife as a home with himself and child.

We have not been able to perceive any just ground

for the order of separation, but we can not disturb the judgment in that respect. She is not, however, entitled to alimony. The record clearly discloses that the separation was improperly decreed. (Beall v. Beall, 80 Ky., 675.) In Lee v. Lee, 1 Duv., 196, it was said, as we may say here: "No reasonable cause has been shown for her abandonment of her husband, and, therefore, if she choose to live separate and apart from him, he should not be required to support her or contribute to her maintenance." (See also Griffin v. Griffin, 8 B. M., 121.)

We see nothing in this case approaching just or reasonable cause for the separation of husband and wife. The duration of such a relation does not depend on the whim or caprice of either of the parties. As said, however, in the case last referred to, it is still the duty of the husband to receive his wife and maintain her at his home. If he refuses to do so, or, upon her return, his treatment should be unkind or cruel, she may yet invoke the aid of the chancellor.

In so far as the judgment dismisses the wife's application for an absolute divorce, it is *affirmed;* to the extent that it grants her alimony, it is *reversed,* with directions to dismiss her claim therefor.