REED *v.* REED.

Opinion delivered October 10, 1896.

DIVORCE—DESERTION.—A husband is not entitled to a divorce upon the ground of desertion by the wife where she separated from him by his consent; and such consent may be expressly given or implied from words or acts.

DESERTION—CONDONATION—RENEWAL OF INTERCOURSE.—Renewal of matrimonial intercourse by a husband after his wife has separated from him is a condonation of her desertion.

Appeal from Saline Chancery Court.

LELAND LEATHERMAN, Chancellor.

STATEMENT BY THE COURT.

W. M. Reed brought this suit against his wife, Henrietta Reed, to obtain a divorce. For cause of action he alleged wilful desertion for over the period of one year without reasonable cause. The defendant filed an answer denying the allegations of the complaint, and further alleging that plaintiff had deserted her, and prayed for a divorce and alimony.

The plaintiff Reed testified, in part, as follows: "Defendant and I were married the 20th day of September, 1891, and lived together until the 8th of December, 1891, at which time she left me, and has not since lived with me. I did not know that defendant was dissatisfied until the day before she left, at which time she said she could not see why her children could not be treated as well as anybody else, and that she was going back home next day. She had three children when we were married, and I had five at home. I never mistreated her children, and I never mistreated defendant in any way. * * * * When she told me she was going home, I told her if she was dissatisfied that I had the same team that brought her to my home, and they

could take her back. I did not assist her in moving back. One of my boys came to me, and wanted my wagon and team to take a load of her things to her old home. He carried a part of a load of corn and some other things. I drove her cow and calf to her. Defendant and I have not kept up the relationship of husband and wife since she moved away. I have been to see her two or three times since she left me. Defendant and I never made any agreement, after she left me, that she was to come back to my house. I did tell her in January, 1894, that if she moved back to my house I would leave." He also said that after she left him he had traded a colt for her, and in other ways assisted in managing her stock; that she had woven cloth, and made him two over-shirts and two pair of trousers out of wool and warp furnished by him, and had also made for him two pair of drawers. He further said that on some of his visits to her he had remained over night.

The defendant, Henrietta Reed, testified in part as follows: "The reason I moved back home was because Mr. Reed was displeased, and made a distinction between his children and mine. It was getting cold, and all the children needed winter clothing and shoes. He sent to town and purchased some clothing for his children, and, failing to get any for my children, caused us to have a conversation, in which he said, if I was not satisfied, he would bring me home. I came back home because, from his acts and words, it seemed that it was what he wanted me to do. He and his children assisted me in moving back to where I formerly lived. After I moved back the plaintiff made regular visits to see me, and would stay as long as two nights and a day on a visit, which he kept up till the 8th day of November, 1893. During all of this time the relationship of husband and wife were sustained, and we bedded and cohabited with each other. * * * He came to my house as often as three

times in one month." She further testified that she had made clothing for him, and that he had paid her by giving her sorghum. He had also given some attention to stock owned by her. He had always treated her kindly.

There was other testimony, not necessary to set out. The finding and decree of the chancellor were in favor of the plaintiff. A decree for a divorce was entered in his favor, from which decree this appeal was taken.

*E. H. Vance, Jr.*, for appellant.

The facts in this case do not show *wilful desertion.* The separation was by mutual consent. 1 Bishop, Mar. & Div. (6 Ed.), secs. 776, 777, 783; 2 *id.* sec. 671.

*Tom M. Mehaffy*, for appellee.

1. There is ample proof of desertion. The question of support or assistance is not involved. 5 Am. & Eng. Enc. Law, p. 801; 1 Bish. Mar. & Div. sec. 1673.

2. Desertion is the refusal to live with another as husband or wife. Sexual intercourse does not prove, nor the refusal disprove, the question of desertion. 5 Am. & Eng. Enc. Law, p. 800; 3 *id.* p. 308.

3. Defendant left plaintiff, and fails to show a reasonable cause, such a cause as would support an action by her for divorce. 34 Ark. 37, and cases.

RIDDICK, J., (after stating the facts). The only question in this case is whether the appellant wilfully deserted her husband, as alleged in his complaint. When a wife separates from her husband, and lives apart from him with his consent, this is not a "wilful desertion," within the meaning of the statute. Nor is it necessary that such consent be expressly given. It may be implied from the words or acts of the husband which show that he consented to the separation. *Cox* v. *Cox*, 35 Mich. 451; *Beller* v. *Beller*, 50 Mich. 49; *Thompson* v. *Thompson*, 1 Swab. & T. 514; *Rose* v. *Rose*, 50 Mich. 92;

*Desertion as ground of divorce.*

1 Nelson, Divorce, sec. 67, and cases cited; 1 Bishop, Marriage & Divorce, secs. 1671, 1690.

In this case the appellant, Henrietta Reed, testified that she left the residence of appellee and returned to her former home because appellant advised her to do so if she was not satisfied. The appellee, Reed, in his testimony, does not state or pretend that he objected to her leaving his home. When she spoke of leaving, he did not attempt to dissuade her, but, on the contrary, told her that he had the same team that brought her to his home, and it "could take her back." With his consent it did take her back, the appellee himself assisting her by driving her cow and calf. He afterwards visited her, remained over night at times, and occupied the same bed with her. These facts are not denied. It is true that he testified that "he and appellant had not kept up the relationship of husband and wife since she moved away," but he does not deny that he visited her after she moved away, that at times he remained over night, and on such occasions slept with her. His denial that they kept up "the relationship of husband and wife" seems to have been based on the belief that a common home was necessary for the existence of such a relationship, and this statement is only an expression of a conclusion he formed from the fact that they lived apart. Before their marriage he was a widower and she a widow, and each of them had children. Afterwards some disagreement as to the treatment of these children probably convinced each of them that it was better to live separately, and so, with his advice and assistance, she moved away. The friendly relations existing between them were disturbed very slightly, if at all, by this separation. He afterwards assisted her at times in trading and managing her stock. She wove cloth, and made clothing for him, for which he returned provisions for her family. He did not at any time raise any objection

to her living apart from him, or make any request that she return to him. Afterwards, when she offered to return, he told her not to do so. The testimony of the plaintiff himself convinces us that he consented to the separation of which he now complains, and his case has no foundation to rest upon. Nelson, Divorce, sec. 67.

Even if it be conceded that the appellant was guilty of a wilful desertion, the evidence shows that such desertion was condoned by appellee. We do not hold that a husband whose wife had wilfully deserted him would, if he afterwards visited her and assisted in supporting her, necessarily lose his right to divorce or condone such desertion. Such acts might, under some circumstances, evince regret for her absence and a desire for her return, and serve to make more clear the fault of the wife in remaining away from his home. But, if he goes further, and continues to exercise the right of matrimonial intercourse upon such visits, he will be treated as having condoned the conduct of the wife, and the continuity of her desertion will be broken. *Burk* v. *Burk*, 21 W. Va. 445; *Phelan* v. *Phelan*, 135 Ill. 445; Nelson, Divorce, sec. 81. The appellant testified that the appellee continued to occupy the same bed with her when he visited her up to the 8th day of November, 1893. The appellee does not deny this statement, and, as he commenced his action in less than four months from that date, he had no grounds for a divorce. 1 Nelson, Divorce, sec. 81. In refusing to allow the appellant to return to his home when she offered to do so, the appellee was himself guilty of a wilful desertion, but, as such desertion had not existed for the statutory period, the appellant was not entitled to a divorce.

We would not disturb the finding of the chancellor on a mere preponderance of the evidence, but, being fully convinced that no cause for divorce is shown by either

*When desertion condoned.*

party, the judgment is reversed, and case dismissed at costs of appellee.

BATTLE, J., absent.