Paul v. Paul.

## Stephen W. Paul v. Henrietta H. Paul.

1. DIVORCE—*On the Ground of Desertion Where Complainant Was First in Fault—Showing Necessary.*—Where it appears that a complainant in a suit for divorce had deserted his wife without cause, he can not charge her with desertion by merely showing a request to her to come

to a particular place and reside with him there, but must show that he in good faith offered her a home.

**Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinon filed April 18, 1898.

ASAY & CLARE, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant was married to appellee in 1870, and in 1890 she began proceedings in the State of New York, where they then resided, to procure a limited divorce from appellant. The New York court found as facts, among others, that appellant, without cause, on April 15, 1885, left appellee, since which time they have lived apart, although appellee had requested appellant to return, but he refused, and also refused to provide for appellee and their children, and decreed, *inter alia*, that appellee and appellant be separated from bed and board, provided they might jointly apply to modify or discharge the judgment; that he pay $80 per month for support of appellee and infant children, and $75.67 costs, and that in case she survived appellant, or any other event should change circumstances of parties, application may be made to modify the judgment by the party in interest.

Appellant filed his bill for a divorce in the Superior Court of Cook County, which was later amended, and set forth the above facts, and in addition alleged he was harassed by the decree of the New York court, had frequently applied to appellee and showed her that it was impossible for him to comply with its terms, but offered to do what he was able, and requested her to join with him to have said decree modified or discharged, but she absolutely refused, and insists on living apart from appellant and compelling him to pay said alimony, and that her continued attempts to collect the alimony caused his discharge from employment,

and left him without means to support himself, her or their children; that he requested her to join with him to discharge said decree, and go and reside with him in Chicago, Illinois, but she refused and still refuses so to do; that, on the date of entry of said decree, appellee deserted and absented herself from appellant, and has so deserted appellant for two years and upward without cause.

A demurrer to the bill as amended was sustained, and appellant having elected to stand by his amended bill, it was dismissed for want of equity. In this there was no error. The allegations of the amended bill show no cause for divorce in Illinois. Appellant had deserted appellee without cause, according to the findings of the New York court, and this continued to the time of the decree. Since then, so far as appears by the amended bill, appellant has never offered his wife a home anywhere. He does not show that he has a home. He alleges that he only makes a bare living for himself and his daughter. He can not charge her with desertion, when he was first in fault in living apart from her without cause, until he in good faith offers her a home. Phelan v. Phelan, 135 Ill. 445.

If appellant's circumstances are so changed as to justify it, there appears to this court no reason why he may not, under the terms of the decree in New York, make application for its modification without appellee joining him therein. It provides for a modification in case " any other event shall change circumstances of parties."

The decree of the Superior Court is affirmed.