## FRANCIS X. LAFLAMME *vs.* MARY H. LAFLAMME.

Worcester. October 3, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Marriage and Divorce*, Desertion, Condonation.

At the hearing of a libel for divorce filed by a husband in February, 1911, and alleging as ground for divorce utter desertion continued for three consecutive years next previous to the date of the filing of the libel, it appeared that in March, 1906, the parties were living together in Canada, when the libellee deserted her husband and took up her abode in Milford in this Commonwealth; that in December, 1909, for the purpose of inducing the libellee to return to him, the libellant visited her in Milford and remained three or four days, during which period they cohabited as man and wife, occupying the same room and bed, the libellee, however, not promising or giving the libellant reason to believe that she would return to his home; that immediately thereafter the libellant returned to his home in Canada, whither the libellee refused to accompany him. *Held*, that the cohabitation as man and wife in 1909 was a complete renewal in all respects of the marriage relation between them and was an absolute removal of the cause of divorce then existing,

and could not be said to be merely a condonation or conditional forgiveness of her previous misconduct so that upon her subsequent refusal to accompany the libellant to his home the effect of the cohabitation was avoided; and therefore that the libel should be dismissed, since there was not on the part of the libellee any "utter desertion continued for three consecutive years next prior to the filing of the libel," as required by R. L. c. 152, § 1.

LIBEL for divorce, filed on February 27, 1911, alleging as ground for divorce utter desertion for three consecutive years next previous to the date of the libel.

In the Superior Court the case was heard by *McLaughlin*, J., who found that at some time after their marriage the libellant and the libellee had lived together in this Commonwealth; that in March, 1906, they had a home in Canada from which at that time the libellee withdrew herself and took up her abode in Milford and thus became guilty of an utter desertion of the libellant within the meaning of R. L. c. 152, § 1. In December, 1909, the libellant for the purpose of inducing the libellee to return to his home in Canada visited the libellee at the house in which she was living in Milford and remained with her there for about four days, during which period they cohabited together as man and wife, occupying the same room and bed. The libellee did not then promise or give her husband cause to believe that she would return to his home. Immediately after this visit, the libellant returned to his home in Canada. The libellee did not accompany him and did not follow him to his home, but continued to live in Milford, although he subsequently wrote to her asking her to return.

The trial judge ruled as a matter of law that the libellant could not maintain his libel, and reported the case for determination by this court. If the ruling of the judge was wrong, a decree of divorce for desertion was to issue; otherwise, the libel was to be dismissed.

The case was submitted on a brief.

*W. Williams & S. D. Vincent*, for the libellant.

No counsel appeared for the libellee.

SHELDON, J. We must take it that no difficulty arose in this case under the provisions of R. L. c. 152, §§ 4, 6. The only question is whether upon the findings of the judge it ought to have been ruled as matter of law that the libel cannot be maintained. We are of opinion that this ruling properly was made.

It is true, as was argued in behalf of the libellant, that in December, 1909, he had become entitled to a divorce from his wife on the ground of her desertion. *Cargill* v. *Cargill*, 1 Sw. & Tr. 235. He did not however attempt to avail himself of this right, but visited her at the house in which she was living, at Milford in this Commonwealth, and remained there with her for about four days. During this period, it is found that " they cohabited together as man and wife." This was a complete renewal in all respects of the marriage relation between them. It was not simply that they occupied the same room and bed, although this also was found. Accordingly we need not consider whether the latter fact alone, unexplained, would not import as a necessary inference the complete cohabitation as man and wife which has been found. The wife's desertion ceased and he again received her as his wife when they thus resumed the matrimonial relations that had been interrupted in 1906 by her desertion. If afterwards, no matter how soon, she deserted him anew, this was merely a new act of misconduct on her part. But it is not barely " utter desertion continued for three consecutive years " that is a ground for divorce under our statute; the three consecutive years must have been " next prior to the filing of the libel." R. L. c. 152, § 1. Here, the parties lived together as husband and wife in December of 1909, though only for four days; and so there was no desertion for the " three consecutive years next prior to the filing of the libel." For this reason, no cause of divorce was shown at the hearing, and the ruling made was correct. *Gaillard* v. *Gaillard*, 23 Miss. 152.

It cannot be said that the husband's conduct in resuming matrimonial relations with his wife was merely a condonation or conditional forgiveness of her previous misconduct; and that her subsequent refusal to accompany or follow him to his home in Canada was the beginning of a new desertion by her (*Franklin* v. *Franklin*, 190 Mass. 349), which avoided the effect of his condonation and so entitled him to rest his libel upon her first desertion. If we assume that this reasoning would otherwise be correct, yet we have not here a case of mere condonation, although it doubtless included that element. It was voluntary action on the part of the libellant, which by putting an end to the earlier desertion made it impossible to say that any desertion

had continued for the statutory period up to the filing of this libel. It was an absolute removal of the existing cause of divorce, and the fact that it involved also a forgiveness of the past wrong that had been done cannot diminish its full effect.

The cases of *Danforth* v. *Danforth*, 88 Maine, 120, and *Kennedy* v. *Kennedy*, 87 Ill. 250, turned on the fact that in them no complete renewal of matrimonial cohabitation was found. It is not necessary to consider whether, under the same facts, we should be inclined to follow those decisions. See *Woolfolk* v. *Woolfolk*, 96 Ky. 657; *Burk* v. *Burk*, 21 W. Va. 445; *Reed* v. *Reed*, 62 Ark. 611; *Holmes* v. *Holmes*, 44 Mich. 555.

Under the terms of the report, the libel must be dismissed.

*So ordered.*