# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed July 23, 1920.

BERTIE E. BRILHART
VS.
LAWRENCE C. BRILHART.

*John E. Magers* for complainant.

DAWKINS, J.—

The case has been held over because of the grave doubt in the mind of the court as to the propriety of granting the relief sought. Since the filing of the memorandum in this case on May 6, 1920, additional testimony has been taken by the plaintiff and a brief has been filed discussing the law covering the propositions involved.

The case of La Flamme, 210 Mass. 156, and other well reasoned cases seem to clearly hold that to entitle a party to the relief (a vinculo matrimonii divorce) on the ground of abandonment and desertion it must be continuous and uninterrupted for the statutory period. It can not be interrupted. Condonation of such cause is usually complete when the parties resume their marital relations. Desertion can not be interrupted and then made the vehicle for obtaining a divorce until the statutory period has again run.

In the case of Fisher vs. Fisher, 93 Md. 301, the statement that "misconduct constituting a cause for separation only is sufficient to revive a condoned offense which is a cause for divorce," surely only applies to cases wherein adultery is the cause alleged for divorce.

Without going into detail the court is satisfied from reading all of the testimony that the defendant *pretended* to resume relations with the plaintiff just to get the money that she had saved from the war allotment saved by her out of the money received by her on account of the defendant's army service. When he obtained that money, in fact all of the money that the wife had, he left her in a hotel in York, Pennsylvania, without a dollar.

The fraudulent intent seems clear. The consummation of the fraud seems manifest. Fraud should vitiate any contract whether it be a domestic relation or one of another description. If the wife's *intention* was that the marriage relation should be restored, but such was *never* the intention of the husband, then there was never a complete restoration of the marriage relation. This is very well established by the testimony. If this is true, then the circumstances under which the wife lived with the husband for these four days did not destroy her right which had accrued, nor would the period of desertion be interrupted by reconciliation and cohabitation induced fraudulently by a husband who again thereafter deserted.

19 Corpus Juris, Section 122.

Womple vs. Womple, 52 S. W. 473 (Texas).

Whilst the sound principle would seem to be that desertion, if condoned by cohabitation, should not be revived, but that the period should be completed under the statute; yet where the fraudulent intention is so clear as it is in this case it would appear that the court is warranted in granting the divorce in this case.