ISABELLE M. HEDDEN *vs.* JOHN FRANCIS HEDDEN.

Hampden.    September 17, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Husband and Wife. Marriage and Divorce*, Condonation, Separate maintenance. *Probate Court*, Jurisdiction, Appeal.

Where the record upon an appeal from a decree of a probate court, which was entered after a contest and granted to a wife relief upon a petition for separate maintenance, showed that it was alleged in the petition that the parties resided in a city in the county where the petition was filed and that no question was raised and no request for ruling was made in the Probate Court concerning the residence of the parties, it was not open to the respondent in this court to contend that it had not appeared that the parties were residents of this Commonwealth.

A judge of probate who heard a petition by a wife for separate maintenance found that previous to November 11 the respondent was guilty of words, threats and boastings respecting his relation with another woman which created in the petitioner a reasonable apprehension of personal violence, "tended to wound the feelings" of the wife, and created a reasonable apprehension that her health would be affected; that the respondent on November 11, after having stated that he was going hunting with another man, visited the house of the other woman; that she entered his automobile; that the petitioner, who in the meantime went to the house of this woman, saw her with the husband in his automobile, became mentally depressed, and suffered anguish of mind; and that in view of all the facts and conduct of the husband he knew that the presence of the woman in his company in his automobile would cause pain and suffering to his wife. The judge ruled: "If the parties cohabited together up to November 11, all offences alleged prior to that date were condoned on condition that there be no recurrence"; but granted the petitioner the relief sought. The respondent appealed. *Held*, that a finding was warranted that the respondent on November 11 was guilty of a breach of the condition of the condonation, which revived the right of the wife to live apart from him and to receive separate maintenance; and the decree was affirmed.

PETITION, filed in the Probate Court for the county of Hampden on November 13, 1930, by a wife for separate maintenance of herself and a minor child of herself and the respondent.

In the petition were allegations that on October 31, November 6, November 11 and November 12, 1930, and at

divers other times, the respondent was guilty of cruel and abusive treatment, threatening the petitioner with physical injury, misconduct with another woman, and failure of marital duty by reason of which she left him on November 12, 1930.

The petition was opposed and was heard by *Davenport*, J. There was no report of the evidence before him. Facts found and a ruling made by him are stated in the opinion. The petition was granted and the respondent appealed.

The case was submitted on briefs.

*M. L. Davis & D. Ingve*, for the respondent.

*D. B. Wallace*, for the petitioner.

CARROLL, J. This is a petition for separate maintenance. The judge found that in October, 1930, the husband began to use vile language in the presence of his wife and child and used "abusive language towards them"; that on October 31, 1930, the husband told his wife he was going to a party, the petitioner and their daughter requested him to take them to the party and he refused; that later, on his return, he said to his wife "he would punch her face," would "beat her up"; that he insulted her and used abusive language; that he also boasted "about another woman with whom" he was infatuated. It was found that the words, threats and boasts created a reasonable apprehension of personal violence, "tended to wound the feelings" of the wife, and created a reasonable apprehension that her health would be affected. On another occasion the respondent informed his wife that "he had been out with the other woman," that he "preferred the other woman to her." It was further found that his speech and his reference to the other woman "all constituted such a course of conduct on his part as to cause his wife mental suffering"; that this result was to be anticipated by him; that the wife and daughter requested the respondent to have nothing more to do with the woman; that he refused, and again "boasted about the other woman" with the result that the wife was mentally distressed. A love letter written by the "other woman" to the respondent was in evidence. The letter indicated that the relations between the husband

and this woman were very close. A lock of her hair was also found among his effects. It was found that the discovery of this letter and lock of hair caused the petitioner to suffer.

It is stated in the respondent's brief that it does not appear that the parties were residents of this Commonwealth. The petition alleges that they resided in Springfield in our county of Hampden. No request bearing on this point was made; it does not appear that any question of residence was raised at the hearing. This point therefore is not now open.

The request of the respondent for a ruling that "If the parties cohabited together up to the eleventh day of November, 1930, all offences alleged prior to that date were condoned on condition that there be no recurrence," was given. It appeared that on that date the respondent said to his wife that he "was going hunting with another man" and his wife prepared a lunch for him; that her request to accompany him was refused; that the husband visited the house of the "other woman" and she entered his automobile; that the petitioner, who in the meantime went to the house of this woman, saw her with the husband in his automobile. It was found that the petitioner on seeing the woman with the respondent in his automobile was mentally depressed, and suffered anguish of mind; that in view of all the facts and conduct of the husband he knew that the presence of the woman in his company in his automobile would cause pain and suffering to his wife.

The contention of the respondent is that, because of the condonation of the husband's conduct, his subsequent acts did not amount to a breach of the condition that he should treat his wife with conjugal kindness. *Robbins* v. *Robbins*, 100 Mass. 150. The evidence is not reported. The judge could infer from the respondent's words and acts, from his boasting about "another woman," with whom the judge found he was infatuated, and from the sorrow and anguish caused to his wife thereby, that he knew his wife would suffer mentally if he persisted in his conduct with this

woman; that he was guilty of a breach of the condition of the condonation, and this revived the right of the wife to live apart from him and receive separate maintenance. The fact that he persisted in his conduct was enough to revive the right to maintain the petition. His intention to injure his wife is not material on the question of the breach of the condonation. The threats made to the wife by the respondent were made with a malevolent motive and were intended to cause pain and suffering. The condonation of these acts was conditional and as he failed to comply with the condition his subsequent conduct revived the right to maintain the petition. "Condonation is a state of mind to be determined upon all the evidence, including rational inferences." *Drew* v. *Drew*, 250 Mass. 41, 45. See *Webster* v. *Webster*, 264 Mass. 551.

*W—* v. *W—*, 141 Mass. 495, and *Armstrong* v. *Armstrong*, 229 Mass. 592, relied on by the respondent, are to be distinguished on the facts.

*Decree affirmed.*