MARTIN *v.* MARTIN.

5-772                              284 S. W. 2d 647

Opinion delivered December 12, 1955.

*Sigun Rasmussen,* for appellant.

*Fietz & McAdams,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant and appellee were married August 23, 1951. A child, Sharon Lee Martin, was born to them July 22, 1952. Mrs. Martin was about 14 years younger than her husband. The parties separated December 2, 1951, and on December 7, 1951, appellee sued his wife for divorce alleging indignities and abuse, and later, by amendment, alleged three years separation without cohabitation. January 11, 1952, Mrs.

Martin asked for temporary alimony, suit money and attorneys' fees. On motion, January 19, 1952, Mode Gregory, who had on December 14, 1951, been duly appointed guardian of appellee's person and estate, was substituted for appellee (an incompetent), and on a hearing the same day the guardian was ordered to pay into court $200 per month alimony *pendente lite.* November 28, 1952, Harry R. Martin, by order of the Probate Court, was declared competent. September 17, 1952, Mrs. Martin filed answer and cross-complaint denying all allegations, except their marriage, and prayed for a divorce alleging indignities, and desertion for more than a year without cause, for custody of the little girl, and allowance for her support, for alimony and a property settlement. February 8, 1954, judgment was entered against Harry R. Martin, appellee, for $2,800 for alleged arrearages in alimony *pendente lite.* October 14, 1954, appellee, Harry R. Martin, filed motion to set aside this judgment of February 8, 1954, for $2,800 and on the same day the trial court granted this motion and set the judgment aside. On March 14, 1955, a decree was entered granting Harry R. Martin a divorce on the grounds of three years separation without cohabitation, and holding that Mrs. Martin was not entitled to a divorce on the grounds of indignities or desertion and was not entitled to alimony or property settlement, but gave her the care and custody of the child with the right to appellee of visitation, and allowed $100 per month to appellant for its support. This appeal followed.

For reversal appellant first argues that the court erred in refusing her a divorce on the grounds of indignities and also on the ground of desertion. We do not agree to either contention. The trial court found, on conflicting evidence, that both parties were equally in fault; that they lived together in an illicit relationship prior to their marriage; that each was guilty, in effect, of indecent and reprehensible conduct, and that neither was entitled to divorce on the grounds of indignities. Section 34-1209, Ark. Stats., 1947; *Cate* v. *Cate,* 53 Ark. 484, 14 S. W. 675. The court also denied Mrs. Martin a divorce on the grounds of desertion for the reason that,

the evidence showed that the separation alleged was by mutual consent of the parties. ''When a wife separates from her husband, and lives apart from him with his consent, this is not a wilful desertion within the meaning of the statute, nor is it necessary that such consent be expressly given. It may be implied from the words or acts of the husband which show that he consented to the separation,'' *Reed* v. *Reed,* 62 Ark. 611, 37 S. W. 230.

We do not attempt to detail and analyze the testimony on these issues, to do so would serve no useful purpose. It suffices to say that we have carefully considered it all and have concluded that the findings of the Chancellor were not against the preponderance thereof.

Next it is contended that the court erred in denying alimony to Mrs. Martin, and also in denying her claim for a property settlement. The Seventh Sub-division of § 34-1202, Ark. Stats., 1947, provides: ''Where either husband or wife have lived separate and apart from the other for three [3] consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony.'' So that the trial court in determining whether the wife is entitled to alimony or a property settlement, may take into consideration the question of which spouse is the injured party or at fault. *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238. Here the Chancellor found that the fault as between the parties appeared to be equal, that the fault of Mrs. Martin was at least equal to that of her husband, and in the exercise of the discretion accorded him, denied, as indicated, both alimony and a property settlement to Mrs. Martin. The trial court found, ''At least she is as much at fault as is the plaintiff and from all the facts and circumstances, the court finds that she is not entitled to alimony or to a division of the husband's property.'' We cannot say that the preponderance of the testimony fails to support the findings of the chancellor on these

issues. It further appears that the day before appellant's appeal was lodged in this court she married Gustave Nichols, Jr., in Las Vegas, Nevada, and that she thereafter, with her little girl, has resided in that city. On trial *de novo* here, we hold that in the circumstances, by this remarriage, she has forfeited and precluded her right to claim alimony. In *Erwin* v. *Erwin*, 179 Ark. 192, 14 S. W. 2d 1100, in a case in which alimony had been granted prior to a remarriage, we held that, "A divorced wife's remarriage entitled the husband to apply for relief from further payment of alimony except where the allowance of alimony was in gross, or in lieu of, or as a substitute for, all of the wife's property rights." As indicated, we find no error in the court's denial of alimony and a property settlement in the circumstances here.

Appellant next contends that an allowance of $100 per month for the support of the child was insufficient. This was also a matter within the sound discretion of the trial court. In fixing the amount it was the court's duty to take into account the father's ability to pay and their station in life. On the evidence presented we are unable to say that this allowance for the support of the child, now less than 4 years of age, is inadequate at the present time. On this issue the Chancellor found, "No conduct upon the part of the defendant, however, could free the plaintiff of his obligation to support the child and he has sufficient means to provide for the child. Having denied the defendant alimony, however, it would be improper to award such an amount to her as support for the child that would indirectly amount to awarding alimony to her. The child is now but little over two and a half years of age and appears to be healthy in every respect. It is quite probable that the immediate needs of the child will increase as it grows older but that should not be taken into consideration at the present time as the court always retains jurisdiction to make proper orders concerning the support of the child."

Finally, appellant contends that, "The order of February 8, 1954, awarding judgment to the appellant,

Jacqueline Bolgard Martin, in the sum of $2,800.00 for unpaid support awarded in the order of January 19, 1952, should not have been set aside by the trial court on October 14, 1954." Appellant is correct in this contention. We hold that, in the circumstances here, it makes no difference whether this $2,800 judgment was against appellee, personally, or his guardian. The preponderance of the evidence does not show that this judgment was ever paid. It appears that on February 8, 1954, judgment was rendered in favor of Mrs. Martin against her husband, Harry R. Martin, for $2,800 for arrearages and alimony *pendente lite*. Thereafter, on October 14, 1954, the trial court granted a motion by appellee to set aside this order of February 8, 1954, which gave judgment to Mrs. Martin for $2,800. We hold that the trial court was without power to set this judgment aside after term time. Section 22-406, Ark. Stats., 1947—Supplement, provides: "Poinsett County, 12th circuit. Terms, 1st Monday in May, August and December and 2 Monday in March." This judgment had become final. Obviously the March term had expired and the regular May and August terms had intervened before the above order, of October 14, 1954, was made and could be set aside or vacated after the expiration of the term only on one or more of the grounds set out in § 29-506, Ark. Stats., 1947. It appears that no effect was made to proceed under this section. We, therefore, reverse that part of the decree denying appellant $2,800, the amount of the judgment in her favor of February 8, 1954; in all other respects the decree is affirmed. Costs in both courts to be paid by appellee and an additional attorney's fee of $500 is allowed here for Mrs. Martin's attorney, to be paid by appellee, Harry R. Martin.