MERCER v. MERCER.

5-1901                                          328 S. W. 2d 365

Opinion delivered November 2, 1959.

*Brockman & Brockman,* for appellant.

*John Harris Jones,* for appellee.

JIM JOHNSON, Associate Justice. This is a divorce case; the parties are negroes. The Plaintiff-Appellee is Pantroy Mercer; the Appellant is Bertha Lee Mercer. It questions the correctness of a decree granting the husband a divorce and denying the wife alimony or property rights.

The parties were married in 1933 and lived together as husband and wife until February 1942. There were no children born of this marriage. In June 1944, Pantroy filed suit for divorce alleging Bertha Lee had deserted him. On July 17, 1944, Pantroy was granted a divorce on constructive service. On August 26, 1944, this decree was set aside at the instance of Bertha Lee. Pantroy was in the service at the time and insists he did not receive notice that the divorce decree had been set

aside. Pantroy married Cleo Mercer in 1947 and they have lived together since that time.

Bertha Lee, in the meantime, after leaving Pantroy, moved to another location in Pine Bluff and operated a beauty shop for awhile and then moved north. In 1946, she married Jim Henry Marsh in Ohio. This relationship was annulled in 1949. In 1954, Bertha Lee married Willie Thomas in Detroit and this relationship culminated in a divorce in 1955.

In August, 1958, Pantroy, in attempting to arrange a loan, found that his divorce decree from Bertha Lee had been set aside in 1944. He then brought this suit for divorce. Bertha Lee defended on the ground that both parties were guilty of adultery and therefore neither could obtain a divorce.[1]

Under our statute[2] allowing three years separation as a ground for divorce, the defense of recrimination has been abolished, so the question of the plaintiff being guilty of adultery is immaterial insofar as it affects the divorce decree.[3] *Young* v. *Young,* 207 Ark. 36, 178 S. W. 2d 994; *Larsen* v. *Larsen,* 207 Ark. 543, 181 S. W. 2d 683; *Martin* v. *Martin,* 225 Ark. 677, 284 S. W. 2d 647.

Appellant also contends she is the injured party so as to entitle her to alimony and a division of the property. Ordinarily, where the wife shows she left the husband's home, she must allege and prove that she is not guilty of desertion by showing that her husband's conduct was such as to justify her leaving the home. *Mullikin* v. *Mullikin,* 200 Ga. 638, 38 S. E. 2d 281, 2 A. L. R. 2d 318. If she cannot prove she was justified in leaving she cannot obtain alimony or maintenance. *Reischfield* v. *Reischfield,* 166 N. Y. S. 898, 6 A. L. R. 10. In *White* v. *White,* 228 Ark. 732, 310 S. W. 2d 216, we said:

---

[1] Ark. Stats. 34-1209—"If it shall appear to the court that the adultery, or other offense complained of, shall have been occasioned by the collusion of the parties, or done with an intent to procure a divorce, or that the complainant was consenting thereto, or that both parties have been guilty of adultery, or such other offense or injury complained of in the bill, then no divorce shall be granted or decreed."

[2] Ark. Stats. 34-1202.

[3] This subject is annotated in 152 A.L.R. 327.

"Appellant earnestly insists that she is the injured party in this case, and should be awarded a division of the property . . . The evidence was conflicting, but we think the preponderance sustains the holding of the Chancellor. It is also noticeable that though Mrs. White testified she was forced to leave the home in December, 1953, because of indignities suffered at the hands of the appellee, no suit was filed for two and one-half years, and the matter was not heard until the parties had been separated for more than three years and the complaint amended to that effect. At any rate, considering that the witnesses were before the court, where the Chancellor had the opportunity to observe their demeanor and attitude from the witness stand, we are unable to say that the court's holding was against the preponderance of the testimony, and without so finding, Mrs. White cannot prevail."

In the instant case there was no attempt to obtain alimony and other property until fifteen years after the separation, during which time the appellant considered two other men as her husband.

As to the fault of the parties, in *Martin* v. *Martin,* 225 Ark. 677, 284 S. W. 2d 647, we said:

"Here the Chancellor found that the fault as between the parties appeared to be equal, that the fault of Mrs. Martin was at least equal to that of her husband, and in the exercise of the discretion accorded him, denied, as indicated, both alimony and a property settlement to Mrs. Martin."

It would serve no purpose to set out in detail the testimony which leads us to our conclusion. Suffice it to say that it appears Bertha Lee was more at fault in the separation.

The entire question of the allowance or disallowance of alimony is for the trial court and rests within its sound discretion. *Carty* v. *Carty,* 222 Ark. 183, 258 S. W. 2d 43; C.J.S. Volume 27A, Divorce § 232 at page 1027. It appears this discretion was not abused and the decree is therefore affirmed.