GRACE HIRSCHL, Appellee, v. SAMUEL HIRSCHL, Appellant.

**Husband and wife:** SEPARATE MAINTENANCE: DOMICILE. Although as
1   a general rule the domicile of the husband is the domicile of the
wife, this rule does not always apply in divorce cases. Thus an
order of court, in a suit for separate maintenance, requiring the
husband to provide his wife with a home separate and apart from
his parents, with whom she could not agree, or in case he failed to
do so and deserted her then that he should support her apart from
him, was not objectionable as attempting to control the domicile
of the husband; as his right to select their domicile is confined to
the selection of one which is suitable.

**Same:** PROCEEDINGS: AUTHORITY OF COURT. An action for separate
2   maintenance is in equity, and having acquired jurisdiction the
court may retain it until settlement of the controversy and com-
plete justice has been done between the parties. Thus having
ordered the defendant to receive his wife back and furnish her a
suitable home, or, if he failed to do so and deserted her he should
support her, the court had authority to continue the case and sub-
sequently enter decree for maintenance.

*Appeal from Scott District Court.*—HON. A. P. BARKER,
Judge.

Friday, October 24, 1913.

Action for separate maintenance. Decree for plaintiff.
Defendant appeals.—*Affirmed.*

*George W. Scott,* for appellant.

*Betty & Betty,* for appellee.

Preston, J.—Plaintiff and defendant were married in
1906 and lived together until May 15, 1911. On May 24, 1911,
plaintiff commenced an action against defendant for separate
maintenance, alleging cruel and inhuman treatment. The
petition also prays for general equitable relief.

The parties lived together happily the first two or three
years, when they were living together by themselves in
Nebraska. They went to Davenport and for about three weeks
lived in the same house with defendant's parents as a part
of the family. They then took rooms by themselves but in
the same house with the parents. This arrangement was not
entirely satisfactory to any of the parties; at least defend-
ant's parents were not entirely agreeable to plaintiff, nor was
she to them. Plaintiff's mother came on from Nebraska,
taking a room near, but staying with plaintiff during the day.
She and defendant were not congenial. They all seemed to
be good people. The troubles seem to have started over mat-
ters which were not serious. The father complained that
plaintiff used the telephone too much. Other small matters
came up from time to time. Because of these and defendant's
alleged mistreatment of her, she left him May 15th. At differ-
ent times after this, before trial, and when the case was called
for trial, plaintiff, in the presence of defendant, offered to
live with him if he would provide a home for her apart from
others. This was refused by the defendant. The trial in the
district court was had May 31, 1912, and on June 8, 1912, the
court made its findings and found that plaintiff had not

established her claim as to the alleged cruelty and that she was not entitled to separate maintenance on that ground, but, in view of the prayer for general equitable relief, and plaintiff's offer and defendant's refusal, the court held that defendant would be guilty of desertion thereafter and she was entitled to support. The case being in equity, the court continued the cause for further action by the court and ordered that: "If defendant shall, within twenty days after this opinion is filed, provide a home for the plaintiff and take her back under a promise to provide for her as his wages will allow, then no order for separate support will be entered. The home to be so provided to be out from under the roof of his parents and to be suitably located and conditioned according to his circumstances, but not necessarily as to cost or location to be governed by plaintiff's ideas. If, however, he fails so to do, then she will be allowed separate maintenance." The court fixed the amount, and there is no complaint of that. On July 5, 1912, the court entered its final decree, which is in substance that defendant having failed to provide for plaintiff as set forth in the prior order, and having made no offer so to do, it was adjudged and decreed by the court that the plaintiff be allowed separate maintenance and fixed the amount in accordance with the former order.

It is claimed for appellant that the court erred for that the law fixes the domicile of the wife by that of the husband, and that therefore there was no desertion by defendant; that the court had no power to direct appellant where he shall live and penalize him by an order for alimony upon his refusal to obey; that the court had no power to continue the case; but that the petition of plaintiff should have been dismissed. Conceding the general rule to be that the domicile of the husband is the domicile of the wife, it does not always apply in divorce cases. *Sylvester v. Sylvester*, 109 Iowa, 401. Appellant cites *Franklin v. Franklin*, 190 Mass. 349 (77 N. E. 48, 4 L. R. A.

1. Husband and wife: separate maintenance: domicile.

[N. S.] 145, 5 Ann. Cas. 851), and *Thomas v. Thomas,* 250 Ill. 354 (95 N. E. 345, 35 L. R. A. [N. S.] 1158, Ann. Cas. 1912-B, 344), to sustain his contention that the court granted the final decree as a penalty because he failed to comply with the preliminary order. We think the cases do not sustain the claim.

The court did not attempt to require defendant to change his domicile. It held that the refusal of defendant to return to his wife or take her back, if persisted in, would constitute desertion on his part. In the hope that the defendant would stop and consider the situation and perhaps remember his marriage vows, which both he and his wife had apparently forgotten or not appreciated when made, the court gave him the opportunity to provide another home, but with the alternative that if he failed to do so and deserted his wife he should support her. The defendant could do either one. He chose to desert her, and the court very properly entered a decree for separate maintenance. The case is in some respects like *Russell v. Russell,* 150 Iowa, 137, and *Harlow v. Harlow,* 150 Iowa, 173.

Ordinarily the husband may select the domicile, but it must be a suitable one. *Franklin v. Franklin, supra.* We do not suppose counsel for appellant would contend that a husband, able to provide a good home, could arbitrarily seek to force a wife of refinement into a hovel or an immoral or improper place. This is mentioned only by way of illustration. The home of defendant's parents was all that could be desired, so far as the building and furnishings were concerned, and the parents were in the highest degree respectable, so far as anything appears in the record, but they were elderly people, while these parties are young. It is a matter of common observation that it is often impossible for two related families to live happily together under one roof. In this instance there was more or less friction. We think plaintiff's request for a separate home was not unreasonable.

The court had authority to continue the case and later

enter a decree for maintenance after defendant's desertion of his wife because of his refusal to comply with her offer and request and the suggestion of the court; otherwise plaintiff would have been compelled to commence another action. The case was in equity, and, having acquired jurisdiction, the court may retain it until the controversy is finished that complete justice may be done between the parties. *McDowell v. Lloyd*, 22 Iowa, 448.

2. SAME: proceedings: authority of court.

We have purposely refrained from quoting the evidence. These parties may even yet come to their senses and become reconciled. As stated by the trial court, plaintiff seems high spirited and exacting, defendant proud and sulky. Neither one is entirely blameless. They should have tried to make the best of the situation. Defendant is industrious and has good habits; plaintiff is a good housekeeper. Both are attractive and of good character. Thoughtfulness and forbearance, with a due regard for their duty and obligations to each other, would have saved them all their troubles.

In argument counsel for plaintiff ask for a further allowance for attorneys' fees in this court, but no proper application therefor has been made.

There was no error, and the judgment of the district court is in all respects *Affirmed.*

WEAVER, C. J., and EVANS and LADD, JJ., concur.