JESSIE E. MAIN, Appellant, v. J. W. MAIN, Appellee.

**DIVORCE:** Jurisdiction—Good-Faith Residence—Evidence. Evi-
1   dence reviewed, and held sufficient to establish the good-faith

residence of plaintiff in the county where the action was brought, notwithstanding that the removal to such county followed litigation of the same nature in another county, where the other spouse had always resided.

DIVORCE: Jurisdiction—Pleading—Nonessential Allegations. No allegation "that the action is brought in good faith and for the purpose of obtaining a divorce only" is necessary when plaintiff and defendant are both residents of this state. Sec. 3172, Code, 1897.

DIVORCE: Jurisdiction—Residence—Pendency of Proceeding in Another County—Effect. The existence of an order of court in the county of the husband's residence (entered on the husband's unsuccessful application for a divorce), requiring the husband to pay certain monthly support money to the wife, is no obstacle to the wife's taking up a bona fide residence in another county and there instituting divorce proceedings on her own behalf.

DIVORCE: Judgment or Decree—Adjudication. A wife's plea for divorce on the grounds of desertion for two years, wholly accruing after the termination of a prior action by the husband for divorce, is not adjudicated by the decree in such prior action wherein the wife asked and received separate maintenance on the grounds of desertion and cruel and inhuman treatment.

DIVORCE: Abatement—Pendency of Another Action. An action for annulment of marriage on stated grounds by the husband in the county of *his* residence may not be pleaded in abatement of an action for divorce on different grounds by the wife in another county which is the county of *her* residence.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

MONDAY, JUNE 25, 1917.

PLAINTIFF brought this action in the district court of Webster County, Iowa, originally as an action for separate maintenance, and later amended the petition, asking a divorce, temporary alimony, attorney's fees, suit money and permanent alimony in the sum of $50,000. Defendant appeared and filed objections to the jurisdiction and a motion to dismiss for want of jurisdiction, also for change of

place of trial; objections and resistance to plaintiff's application for temporary alimony, suit money and attorney's fees. The court held that it had no jurisdiction, and sustained the motion to dismiss, and denied suit money, alimony and attorney's fees. The plaintiff appeals.—*Reversed.*

*Thomas A. Cheshire* and *Robert Healy,* for appellant.

*Kenyon, Kelleher & Price,* and *Tripp & Tripp,* for appellee.

1. DIVORCE: jurisdiction: good-faith residence: evidence.

PRESTON, J.—The parties were married in November, 1911, and lived together about six months, when they separated, defendant going to a hotel in Colfax to live, and plaintiff continuing to live in the house formerly occupied by them. Both parties continued to reside in Colfax, Iowa, until about the last of November, 1915, when plaintiff removed from Colfax to Fort Dodge, and, as plaintiff contends, took up her permanent residence in Fort Dodge, and has been living there ever since. The petition, as originally filed, asking separate maintenance, was filed December 23, 1915, and her amendment, asking a divorce, was filed January 12, 1916. This was the next day after defendant had filed his objections to the jurisdiction and motions. The original petition charged cruel and inhuman treatment and desertion.

One of the main points relied upon, and, as we view it, the turning point in the case, is whether, under the record, plaintiff was a resident in good faith of Webster County, Iowa, and entitled to bring her action there. We may as well discuss and determine that point now, and then take up the other questions presented. The statute, Section 3171, Code, 1897, provides, in substance, that the district court in the county where either party resides has jurisdiction of the subject matter in divorce cases. The defendant, appellee, concedes that, where an action for divorce

is originally brought by a bona fide resident of one county against a bona fide resident of another county, the district court of the county in which either of the parties resides has jurisdiction of the subject matter and of the parties. He concedes, also, on the question as to whether plaintiff, appellant, was a good-faith resident of Webster County, that the intention of the party is controlling. He says, however, that this intention is to be determined not only by what the party says, but it must be determined from all the facts and circumstances, as disclosed by the record.

Plaintiff, appellant, cites *Todhunter v. De Graff,* 164 Iowa 567, as holding that, in divorce proceedings, no particular length of time is required to enable a residence to be acquired by the plaintiff in such a suit. Defendant concedes this proposition, provided such residence is in good faith. Defendant's contention is that the evidence does not show a good-faith residence, but that it is more in harmony with the theory that plaintiff came to Fort Dodge for the purpose of attempting to confer jurisdiction upon the Webster district court, in order that defendant should be compelled to litigate the question away from his home county. The defendant does not dispute plaintiff's proposition that, under the authority of *Sylvester v. Sylvester,* 109 Iowa 401, and other cases, the general rule that the domicile of the husband is the domicile of the wife does not apply in divorce cases.

The only evidence introduced on the question as to plaintiff's good-faith residence in Webster County is that of the plaintiff herself, although the defendant claims that other matters in regard to prior litigation in Jasper County, the prior residence of plaintiff, should be considered on this point. Counsel for plaintiff contend that plaintiff was called as a witness for the defendant on his objections and motion to dismiss, and the defendant is bound thereby; while defendant contends that she was called by him only

for the purpose of cross-examination of her affidavit filed
with her petition, in which she gave testimony in support
of her application for temporary alimony. The so-called
cross-examination of plaintiff as a witness goes beyond the
scope of her affidavit, we think. The substance of her affi-
davit is that she is without means, and has not paid her
attorneys, and is without means to support herself pend-
ing the trial or procure witnesses, and is unable to borrow
money, and that defendant is worth about $125,000. Noth-
ing is said about her residence. In some cases, under such
circumstances, it has been held that the party becomes the
witness of the party exceeding the cross-examination. But
this point is not made, and it may not be very material,
in view of the fact that her testimony is the only direct
evidence on the subject. She testifies, as a witness in court,
substantially:

"I have been living in Fort Dodge about two months.
I occupy five rooms. I went into those rooms about two
months ago. I moved to Fort Dodge from Colfax; have
been living in the latter place five years. I moved nearly
all my personal effects to Fort Dodge from Colfax; left a
few things in Colfax, part of them in the house that be-
longs to Mr. Main, and in which I had been living, and part
of them in storage in Colfax. I brought the greater part
of my goods to Fort Dodge. Am holding the key to the
Colfax house until I get the remainder of my goods away
from the house. My goods were shipped to Fort Dodge
from Colfax about two months ago; I had them coming
just as I could see fit to get them out. I don't remember
when the last shipment was made; I have shipped them as
I have had money to ship them with. I rent the house by
the month, just a month at a time. I do not expect to
ever go back to Colfax if I can help it. I brought two
beds, two dressers, a sofa, bookcases, china closet, table,
chairs, rocking chairs, mirrors, dishes, everything that was

contained in a small house. I have no relatives living in Fort Dodge. I am the same Jessie E. Main who was defendant in the suit of John W. Main in the Jasper district court at the October, 1912, term of that court, and I brought action for separate maintenance in Jasper County for the April, 1913, term of court, and I filed an application in April, 1915, for modification of the decree in the divorce suit, and I dismissed the suit for separate maintenance and the application for modification of the decree in the divorce suit. I did not tell Mr. Main I was going away nor give the key to the Colfax house to Mr. Main because I did not think I had to. Q. Mrs. Main, what purpose or object did you have when you came to Fort Dodge in reference to living here? A. Why, stay here, living here, making it my home here. Q. How long? To live here and make it your home how long? A. As long as I felt satisfied to live here and as long as I could live here in peace."

The defendant testified in regard to his property. It appears that, in October, 1912, the defendant herein brought an action for divorce in Jasper County, in which the plaintiff in this case claimed and was granted temporary alimony, and, in her answer in that case, she alleged that the plaintiff therein, the defendant herein, had wilfully deserted her, and was guilty of cruel and inhuman treatment, and asked for support and alimony so long as her husband continued to reside separate and apart from her. That case was tried in October, 1912, and the petition of plaintiff therein was dismissed. Later, and at the April, 1913, term of the Jasper district court, this plaintiff's application for attorney's fees and support was tried, and attorney's fees allowed to her, and support in the sum of $50 a month, commencing December 1, 1912. The defendant herein appealed that cause to the Supreme Court, and it was affirmed in January, 1915. 168 Iowa 353. April 26, 1915, the plaintiff herein filed in that cause an application for a

modification of that decree, and an amendment thereto in
May, 1915. That proceeding was dismissed by the plain-
tiff herein November 2, 1915. Pending the appeal to the
Supreme Court before referred to, the plaintiff herein, at
the April, 1913, term of the Jasper district, court, brought
an action for separate maintenance on the ground of deser-
tion and cruelty. In that action, the defendant filed a
cross-petition, in which he alleged that the marriage be-
tween the parties was brought about by the fraud and de-
ceit of this plaintiff, and that plaintiff had been divorced
from her prior husband in Minnesota and had married
within a year without permission, and that her marriage
with defendant was therefore void; that plaintiff was es-
topped from maintaining that action because he had paid
the amounts adjudicated against him in the prior suit; al-
leged that he had no knowledge of these matters until
after the prior divorce action instituted by him; prayed
that plaintiff's petition be dismissed, and that the alleged
marriage between the plaintiff and defendant be adjudged il-
legal and void. For reply to defendant's said cross-petition,
plaintiff denied all allegations therein, and pleaded the
former divorce proceeding as an adjudication of all matters
set up by the defendant in his said cross-petition. Decem-
ber 8, 1915, the plaintiff dismissed her said action last re-
ferred to without prejudice, and, on December 23, 1915,
brought the present action in Webster County.

These matters have been somewhat fully set out here
because defendant contends that they have some bearing
upon the question being now considered as to whether
plaintiff is a good-faith resident of Webster County, and
some of these matters will be referred to later in the opin-
ion, on other points raised. Of course, the plaintiff could
have gone on with her action brought at the April, 1913,
term in the Jasper district court, but there is no reason
why she should not, if she so chose, dismiss that action,

which she did. We are of opinion that, under the record before set out, and the undisputed evidence of plaintiff, she had a right to change her residence from Jasper County to Webster County, and the mere fact that there was prior litigation between the parties in Jasper County does not show that her removal to Webster County was in bad faith. She had a right to take up her residence in Webster County, and we think she has done so, and that the court should have found, under this record, that she was a resident in good faith of Webster County, and had a right to bring this action there. We have said that plaintiff's evidence is undisputed. We should have said that the defendant filed his affidavit in support of his application for a change of place of trial, in which he states that he is, and has been for 40 years, a resident of Jasper County, and that, during the time plaintiff and affiant lived together as husband and wife, they resided in Jasper County, and never had any residence in any other county in the state, and then states the distances, expenses, etc., in attending at Webster district court; but no other facts are stated by him in his affidavit bearing on plaintiff's intention in her removal from Jasper County to Webster County.

As stated, the pivotal point in the case is as to whether plaintiff is a resident in good faith of Webster County. It may be, as contended by defendant, that the two years required for divorce on the ground of desertion and her cause of action for divorce on that ground ripened after she filed her petition in the Webster district court for separate maintenance. Under some circumstances, it is not necessary that the two years should have elapsed when plaintiff filed her original petition in Webster County to authorize separate maintenance. *Hirschl v. Hirschl*, 161 Iowa 647, and cases.

2. Appellee contends that plaintiff's

**2. DIVORCE: jurisdiction: pleading: nonessential allegations.** petition in this case does not allege that the action is brought in good faith for the purpose of obtaining a divorce only, as required by Section 3172 of the Code; but that section requires such allegations in cases where the defendant is a nonresident. The provisions of the statute in this regard where the parties are both residents of the state are that the district court in the county where either party resides has jurisdiction of the subject matter of the chapter on divorce, annulling marriages and alimony. Code Section 3171.

3. The defendant contends that, be-

**3. DIVORCE: jurisdiction: residence: pendency of proceeding in another county: effect.** cause the order or judgment in the Jasper district court requiring the defendant to pay $50 a month is still in force, plaintiff should have filed her petition in this case in Jasper County, and that this is another reason why the Webster district court had no jurisdiction. But we see no reason why this matter may not be taken care of and the defendant protected in the trial of the instant case in Webster County, if defendant shall present the matter there, and if the plaintiff's case in Webster County is first tried.

4. If defendant has for two years de-

**4. DIVORCE: judgment or decree: adjudication.** serted plaintiff, and a cause of action has accrued to her since the trial of the first case, such issue was not adjudicated in the first trial, as contended by defendant.

5. We have this situation, then: that

**5. DIVORCE: abatement: pendency of another action.** defendant's cross-petition against plaintiff is still pending in Jasper district court, which, since plaintiff has dismissed her action brought there, is the same as though defendant had brought his action there against her. This action is, in

effect, for an annulment of the marriage, and, for the purposes of this case, we regard the same as an action for divorce, since such a proceeding comes under the chapter of the Code in regard to divorce, annulment of marriages, and alimony; and plaintiff has an action for divorce against defendant pending in Webster County. The issues are not the same, and we are unable to see how one could be pleaded in abatement of the other; that is, defendant could not plead his action in abatement of plaintiff's action, any more than plaintiff could plead her action in abatement of defendant's. In fact, no abatement was pleaded by either party. Of course, it may depend somewhat upon which case is tried first. It seems that there are cases where the rights of children are at stake, or an order has been made affecting children, where the court has a discretion in this matter; but no such question is presented in this case. Of course, if the defendant's cross-petition in Jasper County should be first tried, and it should be determined that the marriage was void, as he alleges, this would end plaintiff's claim for a divorce. If, however, the defendant should be defeated in his cross-petition on the issues tendered by him therein, we see no reason why plaintiff may not proceed with her case on the issues presented by her. We may suggest, in passing, that, in plaintiff's case, if it should be tried first, defendant can raise the issue as to whether there has been any marriage at all. So, too, if plaintiff's case is tried first, the defendant may or may not try his in Jasper County, depending upon the result of the trial in Webster County. It has been held that the pendency of an action against a wife for absolute divorce in one county did not preclude her from instituting an action in another county in the same state for a divorce from bed and board, where she had sought no affirmative relief in the other suit. *Cook v. Cook*, 159 N. C. 46 (40 L. R. A. [N. S.] 83) ; 9 R. C. L. 413.

The statutes of North Carolina are not as favorable to the plaintiff's contention here as are the statutes of Iowa. As the record now stands, the plaintiff was asking no affirmative relief in any proceeding pending in Jasper County after her dismissal of the last petition filed by her in that county, and this was before she commenced the instant suit.

It is our conclusion that the trial court erred in dismissing plaintiff's petition, and the order and judgment appealed from is therefore reversed, and the cause remanded for further proceedings in harmony with this opinion.

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.