MILO RENO et al., Executors, Appellees, v. ORPHA RENO AVERY et al., Appellees; HOWARD R. AVERY et al., Appellants.

**JUDGMENT:** Modification—Timely Action. An action to rectify a
1 *mistake* in a decree against a minor is timely when the notice in the action to rectify is duly served *within the year* following the attainment of the majority of the minor, even though the petition is not *filed* until after the lapse of said year, such action not being controlled by Sec. 12790, Code of 1924.

**ACTIONS:** Commencement—Service of Notice. An action to modify a
2 judgment for mistake therein is "commenced," under Sec. 12793,

Code of 1924, by the service of the notice of such action. (See Sec. 11012, Code of 1924.)

**JUDGMENT:** Modification—Mistake. A consent decree which sets
3    aside certain deeds, and which is participated in by all the legatees
under a will for the sole and conceded purpose of *facilitating the carrying out* of the provisions of a will, is properly modified by striking therefrom a provision which mistakenly gives to some of the legatees a right or estate to which they were not entitled under the subsequent happenings of events clearly provided for in the will.

Headnote 1: 31 C. J. p. 1174. Headnote 2: 1 C. J. p. 1157. Headnote 3: 34 C. J. pp. 131, 418 (Anno.)

*Appeal from Wapello District Court.*—E. S. WELLS, Judge.

MARCH 8, 1927.

OPINION ON REHEARING APRIL 5, 1927.

Application by one of the parties to modify the decree entered in an action brought by executors to set aside certain deeds executed by the testator. The facts are stated in the opinion. The degree was modified as prayed, and from this two of the defendants appeal. The plaintiffs, executors, also appeal from a judgment against them for the costs made in this proceeding.—*Affirmed on defendants' appeal; reversed on plaintiffs' appeal.*

*J. J. Smith,* for appellants.

*Chester W. Whitmore,* for Raymond J. Reno, appellee.

*E. K. Daugherty,* for Milo Reno and Glen Bowles, Executors, appellees.

*W. L. Simmer,* Guardian *ad litem* for Ralph N. Reno and Roy P. Reno, appellees.

*Gilmore & Moon,* for Winnie Gilles, appellee.

VERMILION, J.—John S. Reno died testate in 1921, and his will was duly admitted to probate. He left surviving him his widow, Kate Reno, and one daughter, Orpha Reno Avery. The

testator's only other child, Roy Norman Reno, a son, had died before his father, leaving a widow, Grace, and four children, Raymond. J. Reno, Ralph N. Reno, Roy P. Reno, and Myrtle Reno Funk. The testator's daughter, Mrs. Avery, had two children, Howard Reno Avery and Jessie Susie Avery. Raymond J. Reno is the petitioner for modification of the decree, and will be here designated as the appellee. Howard Reno Avery and Jessie Susie Avery alone resisted such modification below and appealed therefrom, and will be referred to as appellants.

. : John S. Reno was the owner of some 1,600 acres of land in Wapello County. His will, in brief, and so far as here material, gave a life estate in certain lands to his widow, in lieu of dower; gave to Winnie Gilles, who had been employed in his home for many years, the land here in controversy, a fraction less than 97 acres, for life, or until she married, with a provision that, on her death or marriage, it should become a part of the general assets of his estate; and provided that ultimately his entire estate should be equally divided among his six grandchildren, naming them. The instrument further provided, in case the widow should not accept the provision therein made for her, that she should have one third of the real and personal property of which he should die seized, and that the remainder of his estate should be administered under the provisions of the will, so far as applicable, for the use and benefit of the four children of the deceased son; and requested his wife to provide for the daughter, Orpha Reno Avery, out of her dower. The provision thus made, in case the widow should reject the will, was designated, and is referred to, as an "alternative will." The effect, as appears to have been conceded by all parties throughout, was that, if the widow accepted the provisions of the will in lieu of dower, the entire estate would go to the six grandchildren, as residuary legatees; but, if she refused to accept such provision, the estate, after her interest was taken out, would go to but four of the grandchildren, the children of the deceased son. The will requested the widow to provide out of her dower for the daughter, the mother of the two grandchildren who, in such case, would take nothing under the will. The grandchildren were all minors at the time of the entering of the decree from which this appeal is taken, except Myrtle Reno Funk and the appellee, Raymond J. Reno, who attained his majority by marriage.

After the death of the testator, there were found among his effects five deeds, executed by himself and wife subsequent to the execution of the will. Four of the deeds purported to convey certain described lands to certain of his grandchildren named as grantees therein. The fifth deed purported to convey a life estate in the land in controversy to Winnie Gilles, in consideration of "kindness done by the grantee to John S. Reno and in fulfillment of my will," and provided that, at the marriage or death of the grantee, the land should become the property of Ray J. Reno and Ralph N. Reno or their heirs. The Ray J. Reno so named in the deed is the appellee.

After the probate of the will of John S. Reno, the executors brought an action in equity against the widow, the daughter, the daughter-in-law, all of the grandchildren, and Winnie Gilles, to set aside all of the deeds, on the ground that they had not been delivered during the lifetime of the grantor, and were testamentary in character. The appellee was named as a party defendant, under the name of Ray J. Reno, and appeared by a guardian *ad litem,* who filed answer, denying each and every allegation of the petition. His mother, his duly appointed guardian, also appeared, as such, and filed an answer, in effect admitting the allegations of the petition. The appellants appeared by a guardian *ad litem.* A decree was entered on March 30, 1922, finding all of the deeds to be testamentary in character; that they had not been delivered during the lifetime of the grantor; and that they were void. With reference to the deed to Winnie Gilles, the decree contained this provision:

"As to this deed, it is hereby decreed that, at the death of Winnie Gilles, or in event of her remarriage, the title of said premises shall belong to the six grandchildren named in the last will of deceased, said J. S. Reno, share and share alike; and so far only as said deed purported to convey title in said premises to said Ray J. Reno and Ralph N. Reno, the same is adjudged and decreed to be illegal, void, and of no effect."

The decree further provided that all of the lands described in the decree were unaffected by the deeds, "but that said lands shall and do pass, under the provision of the last will of J. S. Reno, deceased, on the happening of all the events in said will provided, to the six grandchildren in said will named."

Thereafter, on May 31, 1922, Kate Reno, the widow of the

testator, filed an election to take her distributive share, under the law; and a portion of the lands left by the deceased was subsequently set off to her, as such. There is no dispute but that the effect of this election was to bring into force and operation the "alternative will" of the testator, and to exclude the appellants from all interest in the estate, as residuary legatees.

On October 16, 1924, the appellees filed the instant petition to vacate or modify the original decree. The attack so made upon the decree is upon two grounds: (1) That, by mistake, the decree adjudged the deed to be valid as to Winnie Gilles, the life tenant, and void as to the remaindermen, and that this was a fraud upon them. (2) That the decree was a consent decree, and that there was no agreement or consent that the remainder should go to the six grandchildren; and that, if it so provided, on the assumption that the remainder passed under the will of the testator, such provision of the will was subsequently rendered ineffective by the election of the widow to take, under the law, her distributive share.

The court, after a trial, found and adjudged that the deed to Winnie Gilles for life, with remainder to appellee and Ralph N. Reno, was duly delivered during the lifetime of the grantor, and was valid and effective as to the remaindermen, and modified the original decree by striking therefrom the provision that, on the death or remarriage of Winnie Gilles, the land should belong to the six grandchildren named in the will, and substituted therefor a provision that, in such event, it should belong to the "two remaindermen, Ray J. Reno and Ralph N. Reno, named in said deed, in the undivided one-half interest in each." It is from this decree that the present appeal is taken.

I. The first question presented arises on the contention of the appellants that the application of appellee to modify the decree was not made within one year from the entering of the decree, nor within one year from the time appellee attained his majority.

The application was not made within one year from the rendition of the decree, but appellee was then under the disability of minority, which was not removed until his marriage, on October 11, 1923. Notice was served on appellants on October 7, 1924, within a year of his marriage, that the petition of appellee and his

1. JUDGMENT:
   modification:
   timely action.

minor brother, by a next friend, asking the modification of the decree; would be on file on a date after the expiration of the year; and the petition of appellee alone was so filed prior to the date fixed in the notice, but after the expiration of a year from his marriage. The appellants, by guardian *ad litem*, appeared in response to the notice, and answered the petition.

The controlling sections of the Code of 1897, the statutes in force at the time the petition to modify the decree was filed, are as follows:

"Section 4091. Where a final judgment or order has been rendered or made, the district court, in addition to causes for a new trial hereinbefore authorized, may, after the term at which the same was rendered or made, vacate or modify the same or grant a new trial: * * * 6. For error in the judgment or order shown by a minor within twelve months after arriving at majority."

"Section 4094. The application based upon the other grounds shall be by verified petition setting forth the judgment or order, the alleged facts or errors constituting a cause to vacate or modify it, and the matters constituting a defense to the action, if the party applying was a defendant. Such proceedings must be commenced within one year after the judgment or order was made, unless the party entitled thereto is a minor or person of unsound mind, and then within one year after the removal of such disability."

Section 4095 provides that in such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service, and return, and that the pleadings, issues, and form and manner of trial shall be governed by the same rules, and conducted in the same manner, as nearly as may be, as in ordinary actions. Corresponding provisions of the present Code are found in Chapter 552, where, however, the matter of Section 4094 appears in two sections, 12792 and 12793.

2. ACTIONS: commencement: service of notice.

Section 3450, Code of 1897, relating to the commencement of actions under the general statutes of limitation, provides that actual service of the notice by another than the sheriff is a commencement of the action.

We are of the opinion that, under Section 4095, the date of the commencement of this proceeding is to be determined by the

provisions of Section 3450, and that it was commenced by the service of the notice, which was within the year following the date on which appellee attained his majority by marriage.

Appellant relies upon Section 12790, Code of 1924, which provides:

"No such petition shall be filed after one year from the rendition of final judgment."

It is to be noted that, in the Code of 1897, this provision was a part of Section 4092, relating to new trials upon grounds not discoverable with reasonable diligence until after the term at which the judgment was rendered, which appears as Sections 12788, 12789, and 12790 of the Code of 1924. This provision is clearly not controlling here. Appellee had one year from the date of attaining his majority within which to commence the proceeding to modify the original decree, and the proceeding was commenced within that time by service of the notice.

We think the fact that the notice stated that the petition would be filed by appellee and his brother, and that it was in fact filed on behalf of appellee alone, is not material at this point. No special appearance was made below, questioning the jurisdiction of the court, but the appellants appeared generally in response to the notice.

II. It appears that the original decree was not entered as the result of an actual determination by the court of the facts upon a trial. No evidence was taken upon the question of whether any of the deeds were in fact delivered; there was no trial. It was a "consent decree," which the parties directly interested in the estate, whether as grantees in the deeds or as beneficiaries under the will,—the minors being represented by guardians,—agreed should be entered, for the purpose of facilitating, as was thought, the settlement of the estate, and permitting the provisions of the will to be carried out. Winnie Gilles took under the will substantially the same interest conveyed by the deed to her, and was not otherwise interested in the estate. Whether the appellee would be bound by the express consent of his guardian and the tacit consent of his guardian *ad litem* to the terms of the decree upholding the deed so far as it conveyed a life estate to Winnie Gilles, but holding it void for want of delivery, so far as it conveyed an interest in the remainder to him, or whether he could

3. JUDGMENT:
   modification:
   mistake.

have relief on that ground in this proceeding, we need not determine.

The appellants had no interest in the land, and no claim whatever to it, save as residuary devisees under the will if the widow did not elect to take under the law. No other or different claim was made on their behalf prior to the decree. The evident intent and purpose of the decree were that title to the lands involved in the action and described in the deeds should pass under the will, and not under the deeds, and it was expressly so adjudged in the decree. It appears not to have been then in the contemplation of any of the parties that the widow might reject the provision made for her in the will, and that this would work a change in the residuary legatees. The court had no authority, upon the case presented by the pleadings, or under the terms of any consent or agreement of the parties' shown by the evidence, to make a disposition of the land in question contrary to the terms of both the will and the deed; or to make a disposition of it, if the deed was set aside, that would take it from under the operation of the will, as applied to the then existing situation, or to the situation that would arise if the widow thereafter elected to take under the law. The decree could not properly, upon the record, create a new right or estate in appellants, but could only establish such right in them as they had under the will, and subject to the conditions of the will. At most, it only adjudicated the rights of the parties as they then existed. It could not, and did not purport to, adjudicate such as they might subsequently acquire, or determine that they might not, by the future action of the widow, lose such rights as they then had. As bearing on the proposition, see *Ross v. Dowden Mfg. Co.*, 147 Iowa 180; *Main v. Main,* 180 Iowa 616; 34 Corpus Juris 932—935.

When the widow made her election to take under the law, the appellants ceased to be residuary legatees under the will, and then had no right under the will to the property in question. Their only claim is based on the decree. But, to the extent that the decree did not clearly express the evident purpose to merely confirm the existing rights of the parties under the will, but appeared to do more, and to give to appellants something more than the will gave them, and more than they claimed, we entertain no doubt that it should have been modified, on a proper and

timely application, when, by the action of the widow, all the rights òf appellants under the will had been lost. *Bickel v. Erskine,* 43 Iowa 213; *Webster v. Page,* 54 Iowa 461; *In re Estate of Kempthorne,* 188 Iowa 70. Appellants could not have successfully resisted the modification of the decree to this extent; for the decree could not properly give them greater rights than they had under the will, and, on the election of the widow, they had no rights under the will. This being true, it is apparent that they have no interest in the land in question, and are not, therefore, concerned whether the modification of the decree established the right of appellee in the remainder as one of four residuary legatees under the will, or as one of the two remaindermen under the deed.

Appellants present a claim of estoppel, based on the fact that one of the deeds set aside in the original decree purported to convey certain lands to them, and on the claim that the deed had been in fact delivered to their mother for them in the lifetime of the grantor, and that they relinquished their rights thereunder for the rights given them under the decree. What has been said, in effect, disposes of this contention; for we do not understand it to be claimed that the original decree was agreed to upon any understanding that appellants were to receive any more or different rights in the land than the will gave them, and, in any event, the record affords no support for such a claim. The whole matter may be summed up by saying that any right appellants had to the land in question was lost by action of the widow in refusing to accept the provision made for her by the will, thereby giving effect to the "alternative will," and not by a modification of the decree made proper by that change in the situation of the parties. Clearly, then, appellants are not entitled to a reversal of the decree modifying the original decree. The other three residuary devisees under the "alternative will" have not appealed. This disposes of the principal appeal.

III. The lower court taxed the costs made on the petition to modify the decree to the executors of the estate of John S. Reno, and they have appealed from this judgment. The executors, although served with notice of the application, made default. The only contest was made by Howard Reno Avery and Jessie Susie Avery, and the costs made on the contest should have been taxed to them.

Our conclusion on the merits renders it unnecessary that we pass upon certain motions made by the appellee. Appellants' motion to tax the cost of an additional abstract to appellee will be sustained, to the extent of taxing $24 of the cost thereof to the appellee, Raymond J. Reno.

On the appeal of the defendants Howard Reno Avery and Jessie Susie Avery, the decree is affirmed, and on the appeal of the executors, the judgment against them is reversed.—*Affirmed on defendants' appeal; reversed on plaintiffs' appeal.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.